

# NUMBER 13-14-00531-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE IRMA YBARRA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Irma Ybarra, filed a petition for writ of mandamus and motion for temporary relief in the above cause on September 18 and 19, 2014. Relator seeks to compel the respondent, the Honorable David Stith, Presiding Judge of the 319th District Court of Nueces County, Texas, to render judgment granting relator's petition for writ of habeas corpus and order the attachment of the body of the minor child to relator. *See* TEX. FAM. CODE ANN. §§ 157.372, 157.374, 157.376 (West, Westlaw through 2013 3d C.S.). By

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

emergency motion, relator sought to stay all proceedings against her in the 319th District Court. By order previously issued in this cause, this Court denied the motion for emergency relief and requested that the real party in interest, Roland Marcha, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus.

Marcha filed a response to the petition for writ of mandamus on September 26, 2014, through which he contends that this original proceeding has been rendered moot because the trial court has issued an order granting the relator's petition for writ of habeas corpus. The order signed by the trial court on September 24, 2014, grants relator's petition for writ of habeas corpus and orders Marcha to return the minor child to relator.

The Court, having examined and fully considered the petition for writ of mandamus and the response, is of the opinion that this matter has been rendered moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
6th day of October, 2014.

2